IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALIUSKA RAMOS HECHAVARRIA, Petitioner, | § | |
| v. | § | No. 3:26-cv-3601-K (BT) |
| FNU GONZALEZ, Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Daliuska Ramos Hechavarria filed a pro se habeas petition under 28 U.S.C. § 2241 challenging her immigration detention under 8 U.S.C. § 1231(a) as unduly prolonged. Pet. (ECF No. 3); Memo. (ECF No. 4). But, as explained below, Petitioner is not yet detained under § 1231(a) because she is not subject to a final removal order. Thus, Petitioner fails to establish that her detention is unlawful at this juncture, and the District Judge should summarily dismiss her petition as premature. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (per curiam) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the Rules Governing § 2254 Cases (providing that the § 2254 rules apply to habeas petitions not covered under § 2254); Rule 4 of § 2254 Rules ("If it plainly appears from the petition…that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## Background

Petitioner is a native of Cuba. Memo. at 3. She entered the United States on July 22, 2021, and was taken into immigration custody on September 27, 2026. Pet. at 5; Memo. at 3. Available online records of Petitioner's removal proceedings—of which the Court takes judicial notice—show that Petitioner had a master calendar hearing on October 19, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation/ (last visited on October 19, 2026). She is not subject to a removal order. *Id.*

On October 14, 2026, Petitioner filed a habeas petition under 28 U.S.C. § 2241 challenging her immigration detention. Pet; Memo. She presents two related grounds for relief: (1) that her detention violates 8 U.S.C. § 1231(a) because she has been detained beyond the statutory removal period and it is unlikely that Immigration and Customs Enforcement (ICE) will remove her in the near future, and (2) that her prolonged detention violates the Fifth Amendment's Due Process Clause as explained in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. at 7. She also filed a supporting memorandum arguing that her continued detention is unduly prolonged under *Zadvydas*. *See generally* Memo. She seeks release from ICE custody. *Id.* at 8.

## Legal Standards and Analysis

Petitioner challenges her prolonged detention under § 1231(a), arguing that it violates both the statute and the Constitution. But Petitioner is not yet confined under § 1231(a), so her habeas petition is premature.

Ordinarily, the Government must remove an alien within ninety days of a final order of removal. 8 U.S.C. § 1231(a)(1)(A). During this removal period, the Government "shall detain" the alien. *Id.* § 1231(a)(2)(A). If an alien is not removed during the removal period, "[s]ection 1231(a)(6) provides, among other things, that…[the] alien 'may be detained beyond the removal period' in the discretion of the Attorney General." *Demore v. Kim*, 538 U.S. 510, 527 (2003). In *Zadvydas*, the Supreme Court held that indefinite detention under 8 U.S.C. § 1231(a)(6) would "raise a serious constitutional problem." 533 U.S. at 690. The Supreme Court therefore interpreted § 1231(a)(6) to permit detention beyond the ninety-day removal period only for a period reasonably necessary to secure the alien's removal. *Id.* at 689. It concluded that six months beyond the removal period was presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

But § 1231 and the *Zadvydas* framework only apply if the petitioner is subject to a final order of removal. *See, e.g.*, *Sanchez v. Noem*, 2025 WL 3760317, at *5 (S.D. Tex. Nov. 14, 2025) ("Section 1231 generally governs post-removal order detention, or detention of a noncitizen subject to a 'final order of removal.'") (citing 8 U.S.C. § 1231). And here, Petitioner is not subject to a final order of removal. She is still litigating her removal, as evidenced by her October 19, 2026 master calendar

hearing.[1] Thus, as much as she challenges prolonged detention under § 1231—and there is no basis to assume that she is challenging her custody on any other basis—her petition is premature and should be dismissed without prejudice. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (affirming dismissal of post-final-removal-order detention challenge as premature; noting that six-month period following date on which removal order becomes final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*); *see also Dovla v. Frank*, 2026 WL 2393159, at *1, n.9 (S.D. Tex. Aug. 17, 2026) ("Petitioner also argues that his detention violates *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001). However, because Petitioner is not under a final order of removal, his *Zadvydas* claim is premature.").

**Recommendation**

The District Judge should summarily dismiss Petitioner Daliuska Ramos Hechavarria's habeas petition without prejudice as premature.

SO RECOMMENDED.

[1] "Typically, an immigration case features one 'master calendar hearing,' followed by an 'individual hearing.'" *Castellano v. Strong*, 840 F. Supp. 3d 456, 465 (N.D. Tex. 2026) (Hendrix, J.) (citing *Zhang v. Gonzalez*, 432 F.3d 339, 346 n.5 (5th Cir. 2005)). "The former 'advises the alien of the charges against him' or is used for the purpose of preparing for the individual hearing." *Id.* (citation omitted). "At the individual hearing, the immigration judge 'typically issues a decision on the merits of an alien's claims' and may, for example, order the alien removed." *Id.* (citation omitted).

October 19, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).